JODI LINKER, Bar Number 230273
Federal Public Defender
Northern District of California
ANGELA CHUANG, Bar Number 313445
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700
Facsimile: (415) 436-7706
Email: Angela_Chuang@fd.org

Counsel for Defendant Harris

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

KAVEN HARRIS,

Defendant.

**Case No.:** CR 24–57 VC

**DEFENDANT'S SENTENCING MEMORANDUM**

**Court:** Courtroom 3, 17th Floor
**Hearing Date:** August 4, 2026
**Hearing Time:** 2:00 p.m.

Kaven Harris hereby submits this supplemental sentencing memorandum to add to the arguments made in his original sentencing memorandum. *See* Dkt. No. 34. Mr. Harris first came before this Court for a sentencing hearing on September 17, 2025. By that time, he had already taken immense strides towards rehabilitation during the roughly nine months that he had been on pretrial release, which built upon the foundation that he had laid by participating in substantial amounts of programming during the year that he had spent in custody prior to his release on this matter. The Court deferred sentencing to give Mr. Harris the opportunity to demonstrate that he had truly turned his life around and that he his newfound stability was here to stay. Since then, Mr. Harris has continued to do remarkably well on pretrial supervision, especially when one considers the extensive amount of trauma that he has experienced throughout his life. But for a few minor issues—a positive marijuana in test in December and another in May, and a few missed drug tests during a period when Mr. Harris was under stress due to his upcoming sentencing and having technical problems with his phone—he has complied with his pretrial conditions. Most importantly, he has remained arrest-free and crime-free since he was released in January 2025. He has not engaged in any new criminal conduct, let alone any such conduct involving violence or possession of prohibited weapons.

As described in his original sentencing memorandum, the year that he spent in custody prior to his release on this matter was an eye-opening experience for a man who had never spent that much time in continuous custody before. It changed him. And Mr. Harris has shown to everyone—his family, his friends, and this Court—that he can lead a law-abiding life in the community. He has prioritized working the two jobs that he has held since shortly after his release, one at a barber shop and one at a local neighborhood store, and spending time with his family, including his four daughters. He has steered clear of guns, violence, and the illicit drug trade. He has distanced himself from negative influences from his past.

The Mr. Harris that comes before this Court now is a different man than the one who committed the charged offense nearly three years ago in September 2025. He has spent the time since then working on bettering himself and doing what he needs to do to leave his old, self-destructive patterns behind. Mr. Harris understands that he will serve a prison sentence for his conduct here and is prepared to do so. But he is more prepared for his eventual re-entry now that he has experienced

firsthand what he needs to do in order to forge a better path for himself.

## CONCLUSION

For all the reasons set forth above as well in his original sentencing filings, Mr. Harris respectfully requests that the Court impose a sentence of 27 months to be followed by three years of supervised release. Such a sentence is sufficient but not greater than necessary to achieve the sentencing goals laid out in § 3553(a).

Dated: July 28, 2026

Respectfully submitted,

JODI LINKER
Federal Public Defender
Northern District of California

/S
ANGELA CHUANG
Assistant Federal Public Defender